AO 243 (Rev. 09/17)

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|
| Name *(under which you were convicted)*: XAVIER REYES | | Docket or Case No.: 4:21 cr 165 |
| Place of Confinement: FCI PEKIN, PO BOX 5000, PEKIN, IL 61555 | | Prisoner No.: 01102-506 |
| UNITED STATES OF AMERICA  V. | | Movant *(include name under which convicted)* XAVIER JAY REYES |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   Southern District of Texas – Houston Division
   515 Rusk Street, Room 5300
   Houston, TX 77002

   United States Courts
   Southern District of Texas
   FILED
   JUN 24 2025
   Nathan Ochsner, Clerk of Court

   (b) Criminal docket or case number (if you know): 4:21-cr-00165

2. (a) Date of the judgment of conviction (if you know): 2/9/2023

   (b) Date of sentencing: 2/9/2023

3. Length of sentence: 80 YEARS

4. Nature of crime (all counts):

   Convicted (Pled Guilty):Count 1s – Distribution of child pornography (18 U.S.C. § 2252A(a)(2)(A)); Counts 3s & 4s – Sexual exploitation of a child (18 U.S.C. § 2251(a)).

   Dismissed:Counts 1 & 2 – Original indictment; Counts 2s, 5s & 6s – Superseding indictment (18 U.S.C. §§ 2252A(a)(5)(B), 2422(b)).

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☑   (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   N/A

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☑

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction?   Yes ✓   No ☐

9. If you did appeal, answer the following:
   (a) Name of court: FIFTH CIRCUIT
   (b) Docket or case number (if you know): 23-20058
   (c) Result: Appeal dismissed under Anders v. California; motion to withdraw by counsel granted.
   (d) Date of result (if you know): 3/20/2024
   (e) Citation to the case (if you know): No published opinion; unpublished order issued March 20, 2024
   (f) Grounds raised:

   Appellate counsel filed an Anders brief asserting there were no nonfrivolous issues for appeal. Reyes submitted a pro se response attempting to raise ineffective assistance of counsel and excessive sentencing, but the Fifth Circuit found the record was not developed and declined to consider IAC, preserving it for § 2255 review.

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ✓
   If "Yes," answer the following:
   (1) Docket or case number (if you know):
   (2) Result:
   (3) Date of result (if you know):
   (4) Citation to the case (if you know):
   (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐   No ✓

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):

AO 243 (Rev. 09/17)

    (4) Nature of the proceeding: _____
    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☐
    (7) Result: _____
    (8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:
    (1) Name of court: _____
    (2) Docket of case number (if you know): _____
    (3) Date of filing (if you know): _____
    (4) Nature of the proceeding: _____
    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☐
    (7) Result: _____
    (8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
    (1) First petition:    Yes ☐    No ☐
    (2) Second petition:    Yes ☐    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Counsel Induced Reyes's Guilty Plea by Misrepresenting the Effect of Acceptance of Responsibility and Failing to Explain That His Guidelines Still Resulted in a Life-Equivalent Sentence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Xavier Reyes pleaded guilty based on his attorney's advice that doing so would reduce his sentence through a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Counsel emphasized this benefit but failed to explain that, even with the reduction, Reyes's guideline range still amounted to a de facto life sentence—960 months or 80 years. Reyes believed the plea would meaningfully reduce his sentencing exposure, especially since the government agreed to dismiss the enticement charge that carried a statutory maximum of life. In reality, the offense level driven by the remaining counts—distribution and production of child pornography—was high enough to trigger the statutory maximum on each count, and the court imposed those sentences consecutively. Counsel did not explain this possibility or provide an estimate of the likely guideline range. Nor did he advise Reyes that an open plea could preserve appeal rights and possibly yield the same sentencing outcome without waiving key rights. Had counsel properly advised Reyes of the actual guideline impact and stacking risk, he would not have pleaded guilty under the same terms. Counsel's failure to provide accurate, material advice rendered the plea involuntary under Hill v. Lockhart, 474 U.S. 52 (1985).

\*\* SEE MEMORANDUM IN SUPPORT FOR FURTHER DETAILS \*\*

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

IAC CLAIMS BEST RAISED IN A 2255 MOTION

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐    No ☐

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** COUNSEL FAILED TO EXPLAIN THAT THE PLEA OFFERED NO BENEFIT, LEADING REYES TO WAIVE HIS RIGHTS WITHOUT UNDERSTANDING THE PROS AND CONS OF PLEADING GUILTY

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel failed to explain to Reyes that the plea agreement offered little to no benefit and involved broad waivers of critical rights. Reyes was not told he could plead guilty without a plea agreement—preserving his right to appeal and challenge his sentence. He believed, based on counsel's advice, that the agreement would reduce his sentencing exposure. In reality, the plea waived nearly all appellate and postconviction rights, and the government received the benefit of dismissed charges while Reyes still received the statutory maximum sentence on all remaining counts. Counsel never explained the pros and cons of entering into a plea agreement versus an open plea. Reyes did not understand that the judge could still use the conduct from the dismissed charges to enhance his sentence. Nor did he realize that the agreement gave away his right to challenge the outcome even if serious errors occurred at sentencing. The plea was not entered with a full understanding of its consequences. Had Reyes been informed of the limited value of the plea agreement, and that the same sentencing result could likely occur without waiving his rights, he would not have accepted it. This deficient advice violated Strickland v. Washington, 466 U.S. 668 (1984), and Hill v. Lockhart, 474 U.S. 52 (1985).

** SEE MEMORANDUM IN SUPPORT FOR FUTHER DETAILS **

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

AO 243 (Rev. 09/17)

(2) If you did not raise this issue in your direct appeal, explain why:

IAC CLAIMS BEST RAISED IN A 2255 MOTION

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE THE DENIAL OF A CONTINUANCE THAT LEFT REYES UNABLE TO MAKE AN INFORMED PLEA

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Appellate counsel was ineffective for failing to challenge the trial court's denial of Reyes's request for a continuance just weeks before he entered his plea. Reyes had recently reviewed significant portions of discovery, including his co-defendant's statements and new video evidence, and he requested more time to understand the government's case. The district court denied that request without meaningful inquiry, and counsel failed to preserve or raise the issue on appeal.The denial of a continuance directly impacted Reyes's ability to make an informed decision about whether to plead guilty. He entered the plea shortly after, without understanding the full scope of the evidence against him or the sentencing consequences. Trial counsel was unprepared, failed to explain the impact of the evidence, and pressured Reyes into accepting the agreement. On appeal, appellate counsel filed an Anders brief and did not raise this denial as an issue, despite its direct impact on the voluntariness of Reyes's plea.Had appellate counsel raised the issue, there is a reasonable probability the Fifth Circuit would have found a violation of due process or remanded for further development. The failure to raise this substantial claim prejudiced Reyes and violated Strickland v. Washington, 466 U.S. 668 (1984).

\*\* SEE MEMORANDUM IN SUPPORT FOR FUTHER DETAILS \*\*

(b) **Direct Appeal of Ground Three:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐    No ☑
  (2) If you did not raise this issue in your direct appeal, explain why:

  IAC CLAIMS BEST RAISED IN A 2255 MOTION

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐    No ☑
  (2) If you answer to Question (c)(1) is "Yes," state:

  Type of motion or petition: _____

  Name and location of the court where the motion or petition was filed:

  _____

  Docket or case number (if you know): _____

  Date of the court's decision: _____

  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐    No ☐
  (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐    No ☐
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐    No ☐

AO 243 (Rev. 09/17)

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** THE CUMULATIVE EFFECT OF COUNSEL'S ERRORS DEPRIVED REYES OF EFFECTIVE ASSISTANCE AND UNDERMINED THE INTEGRITY OF THE PROCEEDING

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The cumulative effect of counsel's errors deprived Reyes of effective assistance and rendered the proceedings fundamentally unfair. Trial counsel misled Reyes about the benefit of pleading guilty, failed to explain that his guideline range still resulted in a de facto life sentence, and did not advise him of the option to plead openly without waiving rights. Counsel also failed to present mitigation or object to consecutive maximum sentences at sentencing.On appeal, counsel filed an Anders brief and withdrew without raising any claims, including the denial of a continuance that left Reyes unable to make an informed plea.As a result, Reyes waived key rights without understanding the consequences, received no sentencing advocacy, and was denied meaningful review. These compounding failures violated his Sixth Amendment rights under Strickland v. Washington, 466 U.S. 668 (1984), and United States v. Cronic, 466 U.S. 648 (1984), and justify relief.

** SEE MEMORANDUM IN SUPPORT FOR FURTHER DETAILS **

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☑

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At the preliminary hearing:
   John Dennis Hester

   (b) At the arraignment and plea:
   John Dennis Hester

   (c) At the trial:
   NA

   (d) At sentencing:
   John Dennis Hester

   (e) On appeal:
   Kathryn Lucille Shephard

   (f) In any post-conviction proceeding:
   NA

   (g) On appeal from any ruling against you in a post-conviction proceeding:
   NA

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☑

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b) Give the date the other sentence was imposed:
   (c) Give the length of the other sentence:
   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
   Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

**NO GROUNDS WERE PREVIOUSLY RAISED AS IAC CLAIMS ARE BEST RAISED FOR THE FIRST TIME IN A 2255 MOTION.**

AO 243 (Rev. 09/17)

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

**THIS MOTION IS TIMELY FILED IF DONE SO ON OR BEFORE JUNE 18, 2025.**

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
  (1) the date on which the judgment of conviction became final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:
VACATE THE CONVICTION AND/OR SENTENCE,

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on ___6/17/25___.
(month, date, year)

Executed (signed) on ___6/16/25___ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Page 13 of 13

